# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No. 23-30461 |
| | ) | Chapter 7 |
| Michael J. Werner, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **ADVERSARY COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Tanya Cowart, | ) | |
| | ) | |
| Defendant. | ) | Adversary No. 24-_____ |
| _____ | ) | |

Gene W. Doeling, the bankruptcy trustee and plaintiff herein the above entitled case, by and through his attorney, states and alleges as follows:

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001(1) and § 548 of Title 11, United States Code and constitutes a "core" proceeding as defined in title 28, United States Code § 157(b)(2)(H).

2. The Debtor filed a Chapter 7 bankruptcy petition in the District of North Dakota on December 20, 2023. The Plaintiff is the duly appointed and acting trustee in this case.

3. The initial 341 meeting in this case was held on January 16, 2024.

4. The Defendant is the Debtor's daughter, who is a resident of the State of North Dakota. The Defendant is an insider as that term is defined in 11 U.S.C. § 101(31)(A).

5. The Debtor had a judgment entered against him in Bottineau County, ND on or about December 30, 2014 in the principal amount of $47,165.35, Case No. 05-2014-CV-00116 which has not been satisfied.

6. The Debtor had a second judgment entered against him in Bottineau County, ND on or about July 11, 2017 in the principal amount of $86,840.08, Case No. 05-2016-CV-00045 which has not been satisfied.

7. The Debtor was married to Tana Werner in 2016. In 2019 the Debtor and Tana Werner purchased real property at 520 3rd St. NE, Linton, ND and 516 3rd St. NE, Linton, ND. Both properties were titled in Tana Werner's name at the time of purchase.

8. On November 30, 2021, judgment was entered in the Debtor's divorce from Tana Werner (ND Case No. 15-2020-DM-00016) in which the Debtor was awarded ownership of the real estate that had been purchased during the marriage in 2019:

> 520 3rd Street NE, Linton, North Dakota legally described as Lot 8, Block 6, Seeman's 1st Addition to the City of Linton, Emmons County, North Dakota
>
> - and -
>
> 516 3rd Street NE, Linton, North Dakota, legally described as Lot 7, Block 6, Seeman's 1st Addition to the City of Linton, Emmons County, North Dakota.

9. The Debtor's divorce judgment provided that the Debtor's interest in the real estate would be transferred to the Debtor's daughter, Tanya Cowart, the Defendant in this case.

10. The real estate at 520 3rd St. NE, Linton was transferred to the Defendant by the filing of a quitclaim deed with the County Recorder on or about January 7, 2022.

11. The real estate at 516 3rd St. NE, Linton was transferred to the Defendant by the filing of a quitclaim deed with the County Recorder on or about January 7, 2022.

12. The Debtor was also awarded a 2009 Harley-Davidson Rocker C motorcycle in his divorce proceedings, and upon information and belief, transferred his ownership interest to the Defendant.

13. The Debtor was also awarded a 2014 Wells Cargo trailer in his divorce proceedings, and upon information and belief, transferred his ownership interest to the Defendant.

14. The Debtor did not receive reasonably equivalent value in exchange for any of the transfers.

15. The Debtor was insolvent at all times or became insolvent as a result of such transfers.

### COUNT I ⎯⎯ FRAUDULENT TRANSFER 11 U.S.C. § 548(a)(1)

16. The trustee realleges paragraphs 1 through 15.

17. The trustee alleges that the Debtor's transfers of his interest in real and personal property as described above and possible other unknown transfers were fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) and that the transfers were made or facilitated by the Debtor to the Defendant with actual intent to hinder, delay, or defraud the Debtor's creditors. The Defendant was a knowing and willing participant in the transfer, knowing that the transfer would hinder, delay, or defraud the Debtor's creditors. Pursuant to 11 U.S.C. § 548, the Plaintiff, as trustee for this bankruptcy estate, is entitled to avoid the transfers alleged and recover the property from the Defendant as the transferee of the property.

### COUNT II ⎯⎯ FRAUDULENT TRANSFER 11 U.S.C. § 548(a)(1)(b)

18. The trustee re-alleges paragraphs 1 through 17. The Debtor made or directed the transfers of his property described in the Complaint to his daughter, Defendant Tanya Cowart, and possibly other unknown transfers, within the two years preceding the filing of the bankruptcy petition, and received less than a reasonably equivalent value in exchange for the transfers, made the transfers when he was insolvent, or he became insolvent as a result of the transfers. Pursuant to 11 U.S.C. § 548, the Plaintiff, as trustee for this bankruptcy estate, is entitled to avoid the transfers alleged and recover the property from the Defendant as the transferee of the property.

**COUNT III —— FRAUDULENT TRANSFER N.D.C.C. § 13-02.1-04, N.D.C.C. § 13-02.1-05, 11 U.S.C. § 544(b)(1) AND 11 U.S.C. § 548**

19.  The trustee re-alleges paragraphs 1 through 18.  The trustee alleges that the Debtor's transfer of his interest in real and personal property as described above were fraudulent transfers under North Dakota Century Code § 13-02.1-04 and North Dakota Century Code § 13-02.1-05.  The trustee further alleges that pursuant to title 11 U.S.C. § 544(b)(1), he may avoid a transfer of the Debtor's property under applicable state law, in addition to bankruptcy law.

20.  The transfers were made by the Debtor with intent to hinder, delay, or defraud creditors of the Debtor.  The Defendant was a knowing and willing participant in the transfers, knowing that the Debtor was insolvent, and that the transfers were made to hinder, delay, or defraud creditors of the Debtor.

21.  The Debtor received less than reasonably equivalent value in exchange for the transfers.

22.  The transfers were made while the Debtor was insolvent.

23.  Pursuant to North Dakota Century Code §§ 13-02.1-04 and 05, 11 U.S.C. § 544(b)(1) and 11 U.S.C. § 548, the trustee is entitled to recover from the initial transferee, the Defendant Tanya Cowart, the property transferred, or the value of the assets transferred by the Debtor to the Defendant and preserve those assets for the bankruptcy estate.

WHEREFORE, the Plaintiff respectfully requests that the Court issue an Order granting the following relief:

1. An order that that the ownership interest in the real property located at 520 3rd Street NE, Linton, North Dakota be returned to the bankruptcy estate and all profits from that asset since the transfer be awarded to the bankruptcy estate, and a money judgment in favor of the trustee and against the Defendant for such profits;

2. An order that the ownership interest in the real property located at 516 3rd Street NE, Linton, North Dakota be returned to the bankruptcy estate and all profits from

that asset since the transfer be awarded to the bankruptcy estate, and a money judgment in favor of the trustee and against the Defendant for such profits;

3. An order that the ownership interest in the 2009 Harley-Davidson Rocker C motorcycle is vested in this bankruptcy estate;

4. An order that the ownership interest in the 2014 Wells Cargo trailer is vested in this bankruptcy estate;

5. For the Plaintiff's costs and disbursements of this action; and

6. For such other and further relief as the Court deems fair and just.

Dated:  February 14, 2024               */s/ Gene W. Doeling*
                                        Gene W. Doeling (05078)
                                        KALER DOELING PLLP
                                        Attorneys for Plaintiff
                                        PO Box 9231
                                        Fargo, ND  58106-9231
                                        (701) 232-8757